ANTHONY TNGRYAN

Self-Represented Movant

*In Pro Se*

(518) 444-4440

AnthonyTngryan@gmail.com

FILED
CLERK, U.S. DISTRICT COURT

JUN 29 2020

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:15-CR-621-6 |
|---|---|
| *Plaintiff,* | **MOTION FOR EARLY** |
| v. | **TERMINATION OF** |
|  | **SUPERVISED RELEASE** |
| ANTHONY TNGRYAN, |  |
| *Defendant.* | Hearing: No Hearing Requested |

    **NOW COMES** ANTHONY TNGRYAN, motioning this Court *in propria persona* (*pro se*) to terminate the imposed term of supervised release, reducing such to a "time already served" duration. This request is made pursuant to title 18 United States Code §3583(e) and Federal Rules of Criminal Procedure 32.1(c). Under the same rule of criminal procedure, no hearing is requested in this matter.

    Section 3583(e)(1) allows for the termination a term of supervised release if it is (1) in the interest of justice and (2) warranted by the defendant's conduct. Considering I have a record of clear conduct, a short sentence relative to my co-defendants, and only 5 months remaining on supervised release, the interests of justice are served (and my conduct deserves) early termination in this case.

### A) Original Case

I, along with a group of men I was friends with years ago, were indicted together in a conspiracy to put information-skimming devices on credit/debit card machines in the Los Angeles area in 2015.

I pleaded guilty in April of 2016 to one count of Conspiracy to Possess more than 15 Unauthorized Access Devices. I was a relatively minor participant in this conspiracy, but that does not mean I minimize the damage my conduct which assisted the conspiracy caused.

I was sentenced on May 23, 2016 to a term of 18 months of incarceration for my role in this conspiracy. I was also sentenced to pay a $100 special assessment, and to spend 4 years on supervised release.

After I was sentenced, both the government and my defense counsel filed a joint motion [Doc. 267] to amend my judgment order [Doc. 269] because the statutory maximum sentence for a Class C/D felony is three years. 18 U.S.C. §3583(b)(2). Ostensibly this was done under Fed.R.Crim.P. 35(a). This was then used to amend my judgment to include a term of three years of supervised release, as limited by statute.

I was not given any fines or judgments of restitution to pay.

I was released from prison custody to start my term of supervised release on October 2, 2017. As of writing this pleading, it is June 20, 2020, and I have served two years and eight months of my term of supervised release, with only four months remaining.

### B) Authority to Grant Request and Applicable Case Law

Statute allows for early termination of supervised release when, after considering many sentencing factors expressed in 18 U.S.C. § 3553(a), the Court determines this action is both warranted by the conduct of the defendant and is in the "interest of justice". See 18 U.S.C. §3583(e)(1).

Nearly all of the §3553(a) factors applicable at original sentencing are also applied to

early termination requests from supervised release, except for one. The cross-references to sentencing factors specifically omits §3553(a)(2)(A): "the need for the sentence imposed – to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;".

This omission by Congress was intentional, and speaks to the purposes of supervised release.[1] To wit, it speaks to what supervised release is *not* intended for: punishment and reflection of passed criminal deeds. The government may object to this request and, in such objection, point out how harmful my actions were to the community of [Central/Northern/etc] California.

However, post-release supervision is intended to aid rehabilitation and the transition from inmate to fully-free citizen again. My actions which caused my prosecution in this case have no bearing on this Court's decision to release me from further supervision and considerations of those actions only distract from the reasons supervised release exists in the first place.

The 9th Circuit "[has] repeatedly held that a district court enjoys significant discretion in crafting terms of supervised release for criminal defendants." *United States v. Weber*, 451 F.3d 557, 558 (9th Cir. 2006). "Consistent with a district court's broad discretion in imposing terms of supervised release, the language of §3583(e) gives district courts broad discretion in determining whether to grant a motion to terminate supervised release" *United States v. Emmett*, 749 F.3d 817 (9th Cir. 2014) (Quoting *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006).

The *Emmett* case is of particular relevance here because the 9th Circuit reversed the ruling by judge Pregerson, as the reason cited for the denial was because defendant Emmett hadn't demonstrated undue hardship that would be caused by continued supervision.

Such a ruling was consistent within the judiciary for many years, and can have it's

---

1 Supervised release has been described by the Supreme Court as the "Decompression" stage of a sentence, as a transition from incarceration to fully-free citizen. See *Johnson v. United States*, 529 U.S. 694, 709 (2000).

roots traced back to the 2nd Circuit ruling in *United States v. Lussier*, 104 F.3d 32 (2nd Cir. 1997). "Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant..." warranted changes to supervision terms, including early termination. *id.*

The 9th Circuit in *Emmett* broke from this standard this way, "To be sure, changed circumstances are not necessarily required to warrant early termination – that that is so merely to preserve district courts' discretion, not to relieve defendants of their burden." *Emmett*, at 720. Although the 9th Circuit still maintained that it is a defendant's burden to "establish that he is entitled" to early termination of supervision, this decision is a nod to changing judiciary policy regarding early termination.

**C)    Sentencing Commission and Judiciary Policy**

Policy on early termination on supervised release can be found both in judiciary policy,[2] hereinafter "Guide", and in the Sentencing Guidelines Manual in §5D1.2.

Foundational to this motion, the Sentencing Commission changed §5D1.2 in 2011 to specifically encourage courts to consider early termination of supervised release in "appropriate cases."

For the last two years, judiciary policy has recognized an assumption that early release is appropriate after the successful service of 18-months on probation if he meets certain criteria.[3] I meet all six criteria because I am not a career or sex offender, I pose no risk to the community or any person in the community, have no violations <u>at all</u>, and have demonstrated that I do not need supervision to live a lawful and prosocial (supported) life.

**D)    This Court Should Grant Early Termination**

I've served all but 4 months of my supervision, and this request is well within the realm of being reasonable. My conduct has been clear, I was a minor participant in this case, and there is no reason this Court should not grant this request.

---

2 "<u>Post-Conviction Supervision</u>" Guide to Judiciary Policy, Vol. 8 Part E (Transmittal 08-040, July 2, 2018)
3 See "Guide" at §360.20(c)

The Sentencing Factors from §3553(a) support this request because:
- I have served nearly all of my sentence of supervised release, which was the maximum sentence possible under statute;
- I have no medical, vocation, or educational needs that are left to be addressed;
- I have a stable life, a good job, a solid family support system, and work full time as a caretaker for my aging parents (this is paid for by Health and Human Services, which my probation officer knows about and has approved);
- Similar defendants, including some of my co-defendants with identical or more severe conduct, have been released from their supervised release early; and
- I have no outstanding money due in this case like fines or restitution.

Policy from the Guidelines Manual support early termination is my case because I have been moved to low-risk supervision, have no violations, and have shown full rehabilitation by every indicator in the Risk-Prediction-Index.

Policy from the judiciary, as discussed in the previous section, also supports early termination here. I have no violations of supervision at all, big or small. I have demonstrated through my active supervision that I am of no risk to reoffend.

I spend my time taking care of my parents and being immersed in my family support system, including my sister, who helps with our parents and is a huge support to me in my re-entry.

At this point I have demonstrated conduct that warrants early termination, and the interests of justice are served by granting early termination by all statutory and policy yard-sticks by which that can be measured.

In sum, I am finished. I have nothing left to accomplish with my sentence and, besides simply existing, the only remaining event left for me here is to end supervised release.

### E) CONCLUSION

For the reasons stated herein, I pray this court grant my request for early termination of supervised release because it is warranted by my conduct and in the interests of justice..

Dated: June 24, 2020.

*[signature]*

ANTHONY TNGRYAN

*Pro Se* Defendant, Movant

### COMPLIANCE AND CONFERENCE

This document is submitted in paper form in accordance with L.Cr.R. 49-1.2(a)(1), and is written in accordance with L.R. 11-3 & 11-6 and what follows is a concise memorandum of case history, points of authority, and argument. It is written in double-space, 14-point Times New Roman and is less than twenty-five (25) pages long.

Assistant United States Attorney Julius J. Nam has been contacted for conference in this matter and has stated that the government wishes to confer with the supervising Probation Officer before answering. He stated that, until that conference is made, his office is officially opposing this request. However, with how little time I have left on supervision, I consider conference complete and submit this motion notwithstanding the government's objection, in the interest of expediency.


CERTIFICATE OF SERVICE

I avert that I have served a true and correct copy of the preceding document, pursuant to L.R. 5-4.2(a)(1) and Local Criminal Rule 49-1.2, upon the court and the office of the United States Attorney:

**Julius J. Nam**  
AUSA - Office of US Attorney  
OCDETF Section  
312 North Spring Street  
14th Floor  
Los Angeles, CA 90012  

**Clerk of the U.S. District Court**  
Central District of California  
Western Division  
255 E. Temple Street  
Room 180  
Los Angeles, CA 90012  

by placing it in a sealed, postage prepaid envelope by United States Postal Mail

on the following date: _[signature]_  _7-25_, 2020.

**PRIORITY MAIL**

FROM: Anthony Ingram
6112 Longridge Ave
Van Nuys CA 91401

TO: Clerk of the U.S. District Court
Central District of California
Western Division
255 E. Temple Street
Room 180
Los Angeles CA 90012

CLERK U.S. DISTRICT COURT
RECEIVED
JUN 29 2020
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

USPS TRACKING #
9114 9012 3080 3130 5016 07

$ 007.75⁰
PITNEY BOWES
02 1P
0000854096
MAILED FROM ZIP CODE 91401
JUN 26 2020

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.